252

JOHN MORRIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*
*Rehearing denied May 9, 1929.*

ROY C. MARTIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the court:

The evidence in this case shows that claimant was driving a Hudson coach from the City of McLeansboro to the City of Benton, Illinois, on the evening of March 7, 1927, with his wife and children; that when a few miles out of McLeansboro he drove under a viaduct. It had been raining and water was standing under this viaduct and in driving his car through this water he claims it stalled his motor. The evidence shows that water in this subway at the time he drove into it was eight inches deep. The claimant endeavored to start his engine but the battery run down and he was unable to do so. The evidence further shows that at the time he was stalled under this viaduct, one, Claude McElvain offered to assist him in getting his car out of the water, that he refused his assistance. Sometime after the refusal of assistance the water became very deep upon the car and he claims that his clothing as well as the clothing of his wife and children were ruined and also that the mud and sand accumulated in the crank case of his car.

It is our opinion that this claimant should have at the time of his engine being stalled accepted the help of Claude McElvain and permitted his car to be pulled from under the viaduct in this low place where water was fast accumulating and that he was negligent in not doing so. The testimony is without contradiction that in ordinary rains the drainage outlets in this subway were sufficient prior to the laying of pavement in the City of McLeansboro, which, while it prob-

ably did not materially increase the drainage area did rush the water into this subway many times faster.

We fail to see wherein the State of Illinois is liable for the damages and therefore, this claim is denied and dismissed.

On May 9, 1929, upon petition for rehearing the following additional opinion was filed:

In the matter of rehearing in the case of John Morris, rehearing being granted, and no further reappearance of the attorney for the claimant and no further evidence or statement that would alter or contradict the former opinion of this court offered, the court finds that there is no reason to vary or contradict the original opinion of the court.

Therefore, the petition for rehearing is denied and the case dismissed.